IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ERIC L. GOODWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 19-00009-CV-W-ODS |
| VILLAGE OF OAKVIEW, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION (1) GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND
(2) DENYING AS MOOT DEFENDANTS' MOTION TO STAY</u>

Pending are Defendants' Motion to Dismiss (Doc. #5) and Defendants' Motion to Stay Case (Doc. #7).  For the following reasons, Defendants' motion to dismiss is granted in part and denied in part, and Defendants' motion to stay is denied as moot.

### I.  BACKGROUND

In June 2016, Plaintiff Eric L. Goodwin was charged with assault by spitting, a violation of Defendant Village of Oakview, Missouri's ("Oakview") municipal code.  Doc. #3, ¶ 18.  Defendant Stuart Wieland, an attorney in private practice who also serves as an Oakview prosecutor, was responsible for prosecuting the charge.  *Id.* ¶¶ 2, 10, 20.  During Plaintiff's initial appearance, Wieland was ready to proceed with trial, and the Municipal Court asked Plaintiff for his plea.  *Id.* ¶ 20.  Plaintiff responded by stating he should be read the charge and notified of his right to counsel.  *Id.*  Plaintiff was arraigned and read his rights, and Plaintiff informed the Court that he would hire an attorney.  *Id.* ¶ 24.  At Plaintiff's second appearance, Wieland presented an order for fingerprinting.  *Id.* ¶¶ 25-26.  Plaintiff did not consent to fingerprinting.  *Id.* ¶ 28.  The Municipal Court directed Plaintiff to submit to fingerprinting or go to jail.  *Id.* ¶ 29.  Plaintiff chose to be fingerprinted.  *Id.* ¶ 30.

When Plaintiff demanded a jury trial, the case was transferred to the Circuit Court of Clay County, Missouri.  *Id.* ¶¶ 32-33; *Oakview v. Goodwin*, No. 16CY-CR05443.  The Circuit Court determined Wieland had a conflict of interest, and he informed the Circuit Court that he would recuse from the matter.  Doc. #3, ¶¶ 36-39.  Roughly one month

before trial, Oakview dismissed the charge against Plaintiff without prejudice. *Id.* ¶¶ 40-41. At the same time, Wieland forwarded the case to the Clay County Sheriff's Department for investigation, but Clay County later declined to prosecute Plaintiff. *Id.* ¶¶ 42, 45.

In April 2017, Oakview again charged Plaintiff for assault by spitting. *Id.* ¶ 46. At Plaintiff's initial appearance on the second charge, Wieland appeared on Oakview's behalf and asked to proceed with trial. *Id.* ¶ 47. Plaintiff was granted a continuance to hire an attorney. *Id.* ¶ 48. Plaintiff demanded a jury trial, and the matter was transferred to the Circuit Court. *Id.* ¶ 49; *Oakview v. Goodwin*, No. 17CY-MU00087. Plaintiff requested discovery, including the Sheriff's Department's investigative report, which was produced to him days before trial was set to begin. Doc. #3, ¶¶ 50, 55-58. He took the deposition of the victim of the alleged crime, Laura Hill, who is also a member of the Oakview Board of Trustees. *Id.* ¶ 52. During her deposition, Hill could not explain why her description of the alleged suspect did not match the pictures taken of Plaintiff on the day of the alleged crime. *Id.* ¶¶ 53-54. At some point, Oakview asked Plaintiff not to bring an action against Hill. *Id.* ¶ 59. Plaintiff refused and asked to proceed to trial. *Id.* In December 2017, Oakview dismissed the second charge. *Id.* ¶ 60.

In January 2019, Plaintiff filed this matter alleging Oakview, Wieland, Oakview Police Chief Carl Drowns, Oakview Police Officer Ashraf Alasmar, and the members of the Oakview Board of Trustees (i.e., Aarin McClelland, Melissa Boyles, Michael Dornhoffer, Bill Mumford, Barry Robertson, Gary Crispin, and Hill) violated his constitutional rights. He also contends they falsely imprisoned him, maliciously prosecuted him, and negligently inflicted emotional distress. Doc. #3. Plaintiff has incurred legal and other expenses, lost physical liberty, was threatened with incarceration, and suffered physical, emotional, and financial injuries. *Id.* ¶¶ 61-62. Defendants move to dismiss Plaintiff's claims due to lack of subject matter jurisdiction and failure to state a claim, and also move to dismiss his request for injunctive relief due to lack of standing. Doc. #5.

## II. MOTION TO DISMISS
### A. <u>Standards</u>

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's common law claims against Oakview and his official capacity claims against the individual Defendants because they are barred by sovereign immunity. When

2

considering a facial challenge to jurisdiction, the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). A complaint should not be dismissed due to lack of subject matter jurisdiction "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's remaining claims, arguing he has failed to state a claim upon which relief may be granted. The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

3

## B. Civil Rights Claims

For his First, Second, and Fourth Claims, Plaintiff alleges Defendants violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Defendants move to dismiss these claims on the grounds as discussed below.

### *(1) Official Capacity Claims Against All Individual Defendants*

Defendants move to dismiss Plaintiff's official capacity claims against all individual Defendants. They argue Oakview is already named as a Defendant, and thus, Plaintiff's official capacity claims against Oakview's employees and agents are redundant. Official-capacity suits are "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A] suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named." *King v. Crestwood,* 899 F.3d 643, 650 (8th Cir. 2018).

Oakview is named as a Defendant, rendering official capacity claims against its employees and agents redundant. Also, in response to the pending motion, Plaintiff did not address Defendants' argument for dismissal of these claims. By failing to respond, Plaintiff tacitly waives an argument to the contrary. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009). Thus, the Court grants Defendants' motion to dismiss the official capacity claims against the individual Defendants.

### *(2) Individual Capacity Claims Against Chief Drowns and Officer Alasmar*

Defendants move to dismiss Plaintiff's civil rights claims against Drowns and Alasmar in their individual capacities because they are entitled to qualified immunity. "Qualified immunity protects public officials from § 1983 damage actions if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanley v. Finnegan*, 899 F.3d 623, 626-27 (8th Cir. 2018) (citations omitted). When determining whether a defendant is entitled to dismissal based upon qualified immunity, the court must consider "(1) whether the official's conduct violated a constitutional right; and (2) whether the violated right was clearly established." *Id.* at 627 (citing *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017)). The Court has discretion to decide which prong to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The amended complaint sets forth no allegations of wrongdoing by Drowns and Alasmar. Doc. #3, ¶¶ 16-17. What alleged conduct by Drowns and Alasmar violated a constitutional right is unidentified, and whether the violated right was clearly established is unknown. As such, there are insufficient factual allegations from which the Court could infer a facially plausible claim against Drowns and Alasmar. Additionally, Plaintiff failed to address Defendants' argument to dismiss the individual capacity claims against Drowns and Alasmar, thereby waiving any opposition to Defendants' argument. *See Satcher*, 558 F.3d at 735. In fact, nowhere in Plaintiff's response was Alasmar or Drowns even mentioned. For these reasons, Defendants' motion to dismiss Plaintiff's individual capacity civil rights claims against Drowns and Alasmar is granted.

### *(3) Individual Capacity Claims Against Wieland*

Defendants move to dismiss Plaintiff's individual capacity claims against Wieland because he enjoys absolute immunity from liability. Plaintiff argues Wieland is not entitled to immunity because his conduct was not intimately tied to his function as prosecutor.

"[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Sample v. Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976)). When absolute immunity protects an official's challenged actions, "dismissal under Rule 12(b)(6) is appropriate." *Id.* (citing *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993)). Absolute immunity protects prosecutors against claims based upon conduct "intimately associated with the judicial phase of the criminal process," such as review of charges, initiating prosecution, and presentation of a criminal case. *Id.* (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)); *Imbler*, 424 U.S. at 430. Allegations of "improper motive" or "malice, vindictiveness, or self-interest" do not defeat absolute immunity. *Sample*, 836 F.3d at 916; *Reasonover v. St. Louis Cty.,* 447 F.3d 569, 580 (8th Cir. 2006). Additionally, absolute immunity applies even when a "prosecutor's steps to initiate a prosecution are patently improper." *Sample*, 836 F.3d at 916. But a prosecutor's administrative duties and investigatory functions not related to his or her "preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted).

Plaintiff challenges Wieland's decision to file and prosecute the second charge after Wieland recused himself during prosecution of the first charge. Wieland's decision to file a second charge was intimately associated with the judicial phase of the criminal process, and thus, is protected by absolute immunity. *Sample*, 836 F.3d at 916. And any motives he had for filing the second charge are also protected by absolute immunity. *Id.* (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200-01 (1985)). Furthermore, filing a criminal charge "while acting under a conflict of interest" is protected by absolute immunity. *Id.* at 915-16.

Plaintiff also challenges Wieland's act in forwarding the investigative file to the Sheriff's Department. Wieland forwarded the investigative file <u>after</u> the first charge was dismissed. Consequently, Wieland was not preparing to file the initial charge, and thus, his act may not be considered "intimately associated with the judicial phase of the criminal process." Even if the Court were to view this act as an administrative function not entitled to absolute immunity protection, Plaintiff's civil rights claims against Wieland based upon this act do not survive Defendants' motion to dismiss. Plaintiff does not allege this act by Wieland violated his constitutional rights. By failing to allege this critical requirement for a section 1983 claim, Plaintiff has failed to state a plausible claim against Wieland. *Iqbal*, 556 U.S. at 676. For these reasons, the Court grants Defendants' motion to dismiss Plaintiff's civil rights claims against Wieland in his individual capacity.

### *(4) Claims Against Oakview*

(a) <u>Respondeat Superior</u>

Defendants move to dismiss Plaintiff's civil rights claims against Oakview that are based upon respondeat superior. A governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Under section 1983, a local government cannot be held liable based upon a theory of respondeat superior. *Id.* at 691; *Rogers v. King*, 885 F.3d 1118, 1122-23 (8th Cir. 2018). Thus, the Court grants Defendants' motion to dismiss Plaintiff's civil rights claims against Oakview that are based upon respondeat superior.

(b) <u>Policy or Custom</u>

Section 1983 liability may attach to a local government if a constitutional violation resulted from an official policy or custom. *Corwin v. City of Independence*, 829 F.3d 695,

699 (8th Cir. 2016) (quotations and citations omitted); *see also Monell*, 436 U.S. at 694-95. "A policy is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin*, 829 F.3d at 699-700 (internal quotations and citations omitted); *Szabla v. Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007). Official policies are "decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

"[A] custom can be shown only by adducing evidence of a 'continuing, widespread, persistent pattern of unconstitutional misconduct.'" *Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 634 (8th Cir. 2009) (citation and internal quotations omitted); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004) (quoting *S.J. v. Kan. City, Mo. Pub. Sch. Dist.,* 294 F.3d 1025, 1028 (8th Cir. 2002)). "A plaintiff must also show either that policymakers were deliberately indifferent to the misconduct or that they tacitly authorized it." *Id.* (citation omitted). *Id.*

Plaintiff alleges "Oakview developed and maintained policies exhibiting deliberate indifference to the constitutional rights of individuals who were issued summons, citations or arrested in the Village of Oakview, which caused the violation of Plaintiff's rights." Doc. #3, ¶ 76. He also contends Oakview had the "policy and/or custom…to fail to exercise reasonable care in hiring its prosecutors, judges, and thereby failing to adequately prevent constitutional violations within its municipal division." *Id.* ¶ 77. According to Plaintiff, Oakview sanctioned Wieland's "conduct in refiling the case despite his recusal in open court." *Id.* ¶ 79. Finally, he alleges these "policies and customs demonstrate a deliberate indifference" by Oakview "that the constitutional rights of every person may be circumvented, and subjected to the will and whim of its municipal prosecutor and judges." *Id.* ¶ 80. Plaintiff asserts Oakview's acts violated his constitutional rights. *Id.*

In response to the motion to dismiss, Plaintiff argued Oakview had a "policy and practice of instituting prosecutions that they know or should have known have no basis in fact and are calculated to intimidate citizens into pleading guilty for crimes they did not commit." Doc. #22, at 1-2. He also maintained Oakview, after the first charge was dismissed, was on notice that appointment of a special prosecutor was necessary, but no special prosecutor was appointed. *Id.* at 7.

7

The Court, when considering the pending motion, must accept as true all facts pleaded by Plaintiff. The Court finds Plaintiff has alleged sufficient facts that, if accepted as true, state a plausible claim for a constitutional violation resulting from a policy and/or custom. Therefore, Defendants' motion to dismiss Plaintiff's civil rights claims against Oakview on the basis of policy and/or custom is denied.

(c) <u>Failure to Supervise and Train</u>

Plaintiff also alleges a civil rights claim against Oakview on the basis of failure to supervise and/or train. He claims Oakview "failed to adequately supervise and train its prosecutor and failed to adequately discourage its prosecutor from engaging in constitutional violations after Plaintiff's case was transferred and certified to the Clay County Circuit Court." Doc. #3, ¶ 78. Plaintiff's allegations related to his policy and/or custom claims, *see supra*, are related to this claim as well. *Id.* ¶¶ 76-77, 79-80.

Inadequate training may result in section 1983 liability when the "failure to train amounts to deliberate indifference to the rights of persons." *City of Canton v. Harris*, 489 U.S. 378, 394 (1989) (O'Connor, J., concurring). A plaintiff must show the government had notice its procedures were inadequate and likely to result in a violation of constitutional rights. *Id.* at 396. Such a claim may also arise from a pattern of constitutional violations putting the government on notice that its employees' responses to recurring situations are not sufficient to protect its citizens' constitutional rights. *Id.*

Failure to supervise employees may also render a local government liable under section 1983. *Liebe v. Norton,* 157 F.3d 574, 579 (8th Cir. 1998). A failure to supervise claim "may be maintained only if a defendant demonstrated deliberate indifference or tacit authorization of the offensive acts." *Id.* (citation omitted); *see Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citations omitted). "[A]s with the failure to train claim, this claim is governed by the deliberate indifference standard." *Liebe*, 157 F.3d at 579. "Deliberate indifference" requires proof that a government actor disregarded a known or obvious consequence of his or her action. *Bd. of Cty. Commr's of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997).

Accepting as true all facts pleaded by Plaintiff, the Court finds Plaintiff has alleged sufficient facts stating a plausible claim for a constitutional violation resulting from failure to

8

train and/or supervise. Therefore, Defendants' motion to dismiss Plaintiff's civil rights claims against Oakview on the basis of failure to train and/or supervise is denied.

### *(5) Individual Capacity Claims Against the Trustees*

Defendants also move to dismiss Plaintiff's individual capacity civil rights claims against the Trustees, arguing they are entitled to qualified immunity. Plaintiff contends the Trustees are not entitled to qualified immunity because they were on notice that appointment of a special prosecutor was necessary before the second charge was filed. Doc. #22, at 7. He also claims the Trustees, along with Oakview and Wieland, "attempted to manipulate and circumvent the judicial process and deny [him] his rights by refusing to appoint a special prosecutor, seeking a second investigation by another jurisdiction, and then proceeding to trial with a second municipal case" prosecuted by an attorney who previously recused himself. *Id.* at 7-8.

As discussed above, qualified immunity protects government officials from section 1983 actions "if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanley*, 899 F.3d at 626-27. A government official may be liable as a supervisor under section 1983 "if either his direct action or his failure to properly supervise and train the offending employee caused the constitutional violation at issue." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citation and internal quotations omitted). The supervisor is not entitled to qualified immunity if a plaintiff proves the supervisor "(1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (citing *Livers v. Schenck,* 700 F.3d 340, 355 (8th Cir. 2012)).

Specific to the pending motion to, a plaintiff "must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [the plaintiff's] constitutional rights." *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *see also Iqbal,* 556 U.S. at 676 (stating "a plaintiff must plead that each Government-official, through the official's own individual actions, has violated the Constitution."). Harm simply occurring under a government official's watch "is not the touchstone" of a section 1983 claim. *Marsh*, 902 F.3d at 754.

Plaintiff's amended complaint does not contain allegations that any Trustee was personally involved in or directly responsible for the deprivation of his constitutional rights. *See* Doc. #3. With the exception of Hill, the other Trustees' names do not appear anywhere in the amended complaint, other than the caption. *Id*. As for Hill, Plaintiff does not allege she was personally involved in or directly responsible for deprivation of his constitutional rights. Rather, Plaintiff's allegations involving Hill are related to the underlying charges against him, and Oakview asking him not to bring suit against Hill personally. *Id*. ¶¶ 44, 42-55, 59. Because Plaintiff fails to allege any Trustee was personally involved in or directly responsible for depriving him of constitutional rights, he fails to state a civil rights claim against any Trustee in his or her individual capacity. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's civil rights claims against the Trustees in their individual capacities.

### C. <u>Common Law Claims</u>

Plaintiff also alleges claims of false imprisonment (Third Claim) malicious prosecution (Sixth Claim), and negligent inflection of emotional distress (Seventh Claim) against all Defendants, and he also contends Oakview is liable, pursuant to the doctrine of respondeat superior, for torts committed by its agents (Fifth Claim). Defendants move to dismiss these claims because Oakview and its employees are shielded from liability by immunity, and Plaintiff fails to allege sufficient facts demonstrating the Trustees, Drowns, and Alasmar participated in events giving rise to Plaintiff's common law claims.

#### *(1) Official Capacity Claims Against Individual Defendants*

"[P]ublic employees are covered by…the official immunity and public duty doctrines," which "have similar policies behind their protections and, in many cases, both doctrines can be applied to protect the defendant government employee." *Southers v. Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008). The official immunity doctrine "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts," but it does not protect public employees from liability for torts committed while acting in a ministerial capacity. *Id*. (citations omitted); *see also Letterman v. Does*, 859 F.3d 1120, 1125-26 (8th Cir. 2017) (citing *Southers*, 263 S.W.3d at 610). Under the public duty doctrine, "a public

10

employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual." *Southers*, 263 S.W.3d at 610 (citation omitted). The public duty doctrine does not apply when a public employee acts "in bad faith or with malice." *Id.* (quoting *Jackson v. Wentzville,* 844 S.W.2d 585, 588 (Mo. Ct. App. 1993) (considering whether the plaintiffs had sufficiently alleged that the defendant public employees "acted in bad faith or with malice" before assessing if the public duty doctrine would protect those employees).

In their briefing, neither party addresses official immunity or the public duty doctrine as those doctrines relate to Plaintiff's common law claims against the individual Defendants in their official capacities.[1] Defendants argue Plaintiff's official capacity claims are barred by sovereign immunity, but the Missouri Supreme Court stated "sovereign immunity is a tort protection for government entities, not their employees…." *Southers*, 263 S.W.3d at 610. Nevertheless, Plaintiff did not address Defendants' argument in his response to the pending motion. Because the parties did not address official immunity or public duty doctrine related to Plaintiff's official capacity common law claims, the Court will not address dismissal of those claims. Defendants' motion to dismiss Plaintiff's common law claims against the individual Defendants in their official capacities is denied.

### (2) Claims Against Oakview

"[S]overeign immunity is a tort protection for governmental entities…." *Throneberry v. Mo. State Highway Patrol*, 526 S.W.3d 198, 206 (Mo. Ct. App. 2017) (citing *Southers*, 263 S.W.3d at 610). Oakview is a governmental entity, and thus, may be afforded sovereign immunity from common law actions. *McIlvoy v. Sharp*, 485 S.W.3d 367, 372 (Mo. Ct. App. 2016); Mo. Rev. Stat. § 537.600.1. Sovereign immunity extends to intentional torts and negligence claims. *O.S. v. Kan. City Pub. Schs.*, No. 13-0261-DGK, 2013 WL 5636664, at *3 (W.D. Mo. Oct. 16, 2013); *Brooks v. Sugar Creek*, 340 S.W.3d 201, 206 (Mo. Ct. App. 2011); *Mo. Highway & Transp. Comm'n v. Kan. City Cold Storage, Inc.*, 946 S.W.2d 679, 682 (Mo. Ct. App. 1997). Sovereign immunity is waived in certain, limited circumstances. Mo. Rev. Stat. §§ 537.600, 537.610 (2005). The plaintiff bears the

---

[1] When addressing Plaintiff's individual capacity common law claims, Defendants discuss official immunity and the public duty doctrine.

burden of pleading facts giving rise to a sovereign immunity exception. *McIlvoy*, 485 S.W.3d at 372 (citation omitted).

Plaintiff does not plead facts indicating Oakview has waived sovereign immunity. Based upon the face of the amended complaint, Plaintiff has failed to state a claim upon which relief may be granted, and his common law claims against Oakview must be dismissed. Additionally, in response to the pending motion, Plaintiff did not address Defendants' argument that Oakview is entitled to sovereign immunity, nor did he explain what facts show Oakview has waived sovereign immunity. By failing to respond to Defendants' argument, Plaintiff tacitly waives any argument to the contrary. *See Satcher*, 558 F.3d at 735. For these reasons, the Court grants Defendants' motion to dismiss Plaintiff's common law claims against Oakview.

### (3) Individual Capacity Claims Against Wieland

"[A]bsolute immunity is afforded to prosecutors and is applicable when an official acts within the scope of his or her duties." *Hutchison v. Tex. Cty.*, No. 09-3018-CV-S-RED, 2010 WL 11509270, at *8 (W.D. Mo. Dec. 1, 2010) (citing *Carden v. George*, 291 S.W.3d 852, 854 (Mo. Ct. App. 2009)). "This immunity is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties, including the risk of harassment by unfounded litigation." *Carden*, 291 S.W.3d at 854 (quoting *Imbler,* 424 U.S. at 424) (internal quotations omitted). This immunity extends to prosecutorial acts, such as but not limited to initiating charges, under the common law. *Carden*, 291 S.W.3d at 854; *see Green v. Missouri*, 734 F. Supp. 2d 814, 854 (E.D. Mo. 2010), *aff'd sub nom. Green v. Nocciero*, 676 F.3d 748 (8th Cir. 2012); *Hutchison*, 2010 WL 11509270, at *8 (citing *Carden*, 291 S.W.3d at 854).

In response to the pending motion, Plaintiff does not set forth legal authority explaining how or why Missouri absolute immunity would not protect Wieland. Instead, he solely focuses on immunity from civil rights claims. Even if the Court were to consider the same actions by Wieland identified by Plaintiff for his civil rights claims for his common law claims, *see* section II(B)(3), Plaintiff's common law claims do not survive the motion to dismiss for the same reasons set forth above. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's common law claims against Wieland in his individual capacity.

### (4) Individual Capacity Claims Against the Trustees

"[O]fficial immunity insulates [public] employees from suit in their individual capacities when liability arises from discretionary acts or omissions of a state employee." *Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002) (citation omitted). But that immunity will not bar suit against the public employee if he or she failed to perform a ministerial act. *Id.* "[A] ministerial act is 'of a clerical nature and is performed in a prescribed manner according to legal mandate without regard to the public official's personal judgment or opinion.'" *Brown v. Ferguson*, No. 4:15CV00831 ERW, 2015 WL 4393960, at *2 (E.D. Mo. July 16, 2015) (quoting *James v. Friend,* 458 F.3d 726, 731 (8th Cir. 2006)). But if the discretionary acts are done in bad faith or malice, official immunity does not apply. *Id.* (citations omitted).

As stated above, Plaintiff does not address official immunity in his response to the motion to dismiss. Additionally, like his civil rights claims against the Trustees in their individual capacities, Plaintiff's amended complaint does not contain allegations that any Trustee's actions form the bases of his common law claims. *See* Doc. #3. Because Plaintiff fails to address Defendants' argument regarding official immunity and he does not allege any Trustee's actions form the bases of his common law claims, Plaintiff fails to state common law claims against the Trustees in their individual capacities. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's common law claims against the Trustees in their individual capacities.

### (5) Individual Capacity Claims Against Drowns and Alasmar

Conduct "intimately associated with the judicial phase" of the judicial process is protected by absolute judicial immunity. *Duvall v. Tawney*, 323 S.W.3d 804, 808 (Mo. Ct. App. 2010) (citations omitted). "This immunity extends to a sheriff who is following a protected judge's orders." *Id.* Similar to his individual capacity civil rights claims against Drowns and Alasmar, the amended complaint sets forth no allegations of wrongdoing by Drowns or Alasmar, and does not contend Drowns or Alasmar was not following a protected judge's orders. Thus, there are insufficient factual allegations from which the Court could infer a facially plausible claim against Drowns and Alasmar. Additionally, Plaintiff failed to address Defendants' argument to dismiss these claims, waiving any opposition to Defendants' argument. *See Satcher*, 558 F.3d at 735. In fact, nowhere in

Plaintiff's response is Alasmar or Drowns mentioned. For these reasons, Defendants' motion to dismiss Plaintiff's individual capacity common law claims against Drowns and Alasmar is granted.

### D. Plaintiff's Request for Injunctive Relief

In the amended complaint's "prayer for relief," Plaintiff asks the Court for money damages and injunctive relief. Doc. #3, at 15. Defendants move to dismiss Plaintiff's request for injunctive relief because he lacks standing. In response, Plaintiff does not address Defendants' argument.

A party seeking injunctive relief must show he "will again be wronged in a similar way." *Buckley v. Ray*, 848 F.3d 855, 867 n.10 (8th Cir.), *cert. denied*, 137 S. Ct. 2314, (2017) (quoting *Los Angeles v. Lyons*, 461 U.S. 95 101-02 (1983)). "The threatened injury must be *certainly impending* to constitute injury in fact." *Id.* (quoting *Clapper v. Amnesty Int's USA*, 568 U.S. 398, 409 (2013) (citations and internal quotations omitted). Plaintiff does not allege future harm to him is "certainly impending," or assert facts leading this Court to infer future harm is "certainly impending." On the face of the amended complaint, Plaintiff does not demonstrate he has standing to seek said relief. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's request for injunctive relief.

### III. MOTION TO STAY

Defendants asked the Court to stay this matter, including participating in the Court's Mediation and Assessment Program, until a ruling on their motion to dismiss was issued. At this time, there are no pending deadlines, and the parties have fourteen days after their Rule 26 meeting to select an outside mediator, schedule the mediation, and file a designation of mediator. Doc. #2, at 1. Thus, the motion to stay is denied as moot.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Regarding his civil rights claims, Plaintiff's official capacity claims against the individual Defendants claims, individual capacity claims against Drowns, Alamar, Wieland, and the Trustees; and claims against Oakview based upon respondeat superior are dismissed. Regarding his common law claims, Plaintiff's claims against Oakview, and

14

individual capacity claims against Wield, the Trustees, Drowns, and Alasmar are dismissed. Plaintiff's request for injunctive relief is dismissed due to lack of standing. The following claims remain pending: Plaintiff's civil rights claims against Oakview based upon a policy and/or custom; civil rights claims against Oakview based upon failure to train and/or supervise; and official capacity common law claims against the individual Defendants. Defendants' motion to stay is denied as moot. The Court will issue its Rule 16 Order in a separate filing.

IT IS SO ORDERED.

DATE: March 25, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT